Orville L. Meyer, Plaintiff-Appellee, v. Continental Casualty Company, a Corporation, Defendant-Appellant.

Gen. No. 67–85.

Second District.

December 20, 1967.

Williams & Leonard, of Chicago, for appellant.

Shehee and Berent, of Wheaton, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This appeal involves the construction of a health and accident insurance policy written by the defendant and insuring the plaintiff and members of his family. Approximately two years after the policy was written, the plaintiff's daughter, in the words of the stipulation of

facts, "took sleeping pills knowingly on impulse and knowing the consequences of her act." Although plaintiff's daughter has since fully recovered from the effect of the pills, the plaintiff is here seeking reimbursement from the defendant insurance company for the resulting medical expenses.

Under the terms of the policy, the defendant promised to pay for losses resulting from "injury or sickness," which terms were defined in the policy as follows:

> " 'Injury' wherever used in this policy means bodily injury caused by an accident, occurring while this policy is in force as to the person whose injury is the basis of claim and resulting directly and independently of all other causes in loss covered by this policy. 'Sickness' wherever used in this policy means sickness or disease contracted and commencing after this policy has been in force for not less than thirty days after its effective date as to the person whose sickness is the basis of claim and resulting in loss covered by this policy."

The issue, as finally condensed by the appellant's reply brief and upon oral argument, is whether plaintiff's loss was from an injury caused by an accident, or whether it was from a sickness. Inasmuch as the parties agreed that the loss was not accidental, the plaintiff could recover only if the loss resulted from sickness instead of from injury.

The court below, trying the matter without a jury, found that the loss resulted from a sickness, and that an intentionally inflicted sickness (as opposed to an intentionally inflicted injury) is compensable under the terms of the policy. The defendant appeals from a judgment in favor of the plaintiff for $385.50.

■ On the facts before us, we are not permitted to assume that the loss in question resulted from an at-

tempted suicide. The entire actions and designs of plaintiff's daughter are described in a single stipulation which does no more than tell us that she "took sleeping pills knowingly on impulse and knowing the consequences of her act." Although defendant's brief and argument uses the terms "overdose" and "suicide" throughout, neither of these terms is justified by the record. There is no evidence whatever as to the number of pills taken by the girl, that she had taken more than the customary dosage, or that she wanted to end her life. We are not permitted to *presume* that the girl attempted suicide. Grola v. Industrial Commission, 388 Ill 114, 120, 57 NE2d 373 (1944).

■ ■ It is the opinion of this court that the trial court properly concluded that plaintiff's loss resulted from a sickness rather than an injury. That the sickness might have been intended by the girl is irrelevant since the policy fails to exclude sickness or disease caused by an intentional act by the plaintiff or a member of his family. Had the defendant desired to exclude coverage for sickness or disease arising by virtue of the intent of such assured, as it did for intentional injuries, it would have been simple enough to have so provided in its policy. We cannot, however, read such language within the terms of its policy. Furthermore, it is axiomatic that any ambiguities in insurance policies are construed against the insurer and in favor of the insured.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.